IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HARRY EUGENE BRISCOE, | ) | CASE NO. 1:17 CV 1329 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| LASHANN EPPINGER, Warden, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

### INTRODUCTION

Petitioner Harry Eugene Briscoe, a prisoner in state custody, has filed in this Court a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences in *State v. Briscoe*, Case No. CR-487410. (Doc. No. 1.) Respondent Warden LaShann Eppinger[1] has moved to dismiss the petition on the grounds that it asserts claims that are not cognizable on federal habeas corpus review and it is time-barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. No. 7.) Petitioner has filed a traverse in response. (Doc. No. 8.)

This matter is before the undersigned by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Briscoe's petition or other case-dispositive motions. For the reasons stated below, the Court recommends Briscoe's petition be DISMISSED.

---

[1] LaShann Eppinger is warden of the Grafton Correctional Institution, where Briscoe is incarcerated. (Doc. No. 7 at 1.)

## PROCEDURAL BACKGROUND

### A. Trial Court

On September 14, 2006, a sworn complaint was filed with the Bedford Municipal Court charging Briscoe with the aggravated murder of Ali Th Abu Atiq in violation of Ohio Rev. Code § 2903.01(B). (Doc. No. 7-1, Exh. 1.) Briscoe was arrested and brought before the court for a preliminary hearing. (Doc. No. 7-1, Exh. 2.) He entered a plea of not guilty to the charge, and the court found probable cause and bound him over to the Cuyahoga County Court of Common Pleas. (Doc. No. 7-1, Exh. 2.)

On October 23, 2006, the Cuyahoga County Grand Jury indicted Briscoe on the following five counts: (1) one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(A), which carried a one-year firearm, three-year firearm, felony-murder, notice-of-prior-conviction, and repeat-violent-offender specifications; (2) one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(B), which carried a one-year firearm, three-year firearm, felony-murder, notice-of-prior-conviction, and repeat-violent-offender specifications; (3) one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), which carried a one-year firearm, three-year firearm, felony-murder, notice of prior conviction, and repeat violent offender specifications; (4) one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(3), which carried a one-year firearm, three-year firearm, notice-of-prior-conviction, and repeat-violent-offender specifications; and (5) one count of obstructing justice in violation of Ohio Rev. Code § 2921.32. (Doc. No. 7-1, Exh. 3.) Briscoe entered pleas of not guilty to all charges. (Doc. No. 7-1, Exh. 4.)

The case proceeded to a jury trial. On May 15, 2007, the jury found Briscoe not guilty of the aggravated-murder charge in Count 2, but guilty of the lesser-included offense of murder in violation of Ohio Rev. Code § 2903.02(B), including the two attached firearm specifications; aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), including the two attached firearm specifications; and aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(3), including the two attached firearm specifications. The court granted Briscoe's motion for acquittal on the aggravated-murder charge in count one, and Briscoe elected to have the court decide whether he violated the three repeat-violent-defender specifications and three notice-of-prior-conviction specifications. The State dismissed the felony-murder specifications prior to trial. (Doc. No. 7-1, Exh. 6.)

On May 16, 2007, the court imposed the following sentences: fifteen years to life in prison for the murder conviction; ten years' imprisonment for each of the two aggravated-robbery convictions, to be served concurrently with each other but consecutively to the murder charge; and three years' imprisonment for the firearm specifications, which were merged and to be served consecutively to the murder sentence. Briscoe was therefore sentenced to a total of twenty-eight years to life in prison. The court also found Briscoe not guilty of the three repeat-violent-defender specifications, but guilty of the notice-of-prior-conviction specifications. (Doc. No. 7-1, Exh. 7.)

**B.     Direct Appeal**

On June 11, 2007, Briscoe, through counsel, filed a timely appeal to the Eighth District Court of Appeals. (Doc. No. 7-1, Exh. 45 at 307.) In his appellate brief, he raised the following assignments of error:

3

1. The trial court erred in convicting Mr. Briscoe based upon a constitutionally defective indictment that failed to state a necessary element of the charged offenses. Section 10, Article I, Ohio Constitution. (May 21, 2007 Judgment Entry).

2. The trial court erred in convicting Mr. Briscoe of murder and firearm specifications based upon a constitutionally defective indictment that failed to state a necessary element of the offenses underlying the count of murder and the firearm specifications. Section 10, Article I, Ohio Constitution. (May 21, 2007 Judgment Entry).

(Doc. No. 7-1, Exh. 8.) The State filed a brief in opposition. (Doc. No. 7-1, Exh. 9.)

On December 4, 2008, the Ohio appellate court affirmed in part and reversed in part the judgment of the trial court. (Doc. No. 7-1, Exh. 10.) It found count four of the indictment, charging Briscoe with aggravated robbery under Ohio Rev. Code § 2911.01(A)(3), was defective because it lacked the requisite mens rea element of recklessness, but affirmed Briscoe's conviction and sentences under count three, charging him with aggravated robbery under Ohio Rev. Code § 2911.01(A)(1). It therefore reversed the conviction on count four and remanded to the trial court for further proceedings. (Doc. No. 7-1, Exh. 10.)

On January 12, 2009, Briscoe, through counsel, filed a timely appeal to the Ohio Supreme Court. (Doc. No. 7-1, Exhs. 11, 45.) In his memorandum in support of jurisdiction, he raised the following propositions of law:

1. An indictment for a count of aggravated robbery under R.C. 2911.01(A)(1) must contain the mens rea of recklessness with regard to the element of either displaying, brandishing, indicating the possession of, or using a deadly weapon.

2. Convictions that are dependent upon other counts in an indictment must be reversed when convictions for those underlying counts are reviersed as constitutionally defective.

(Doc. No. 7-1, Exh. 12.)

On May 6, 2009, the Ohio Supreme Court accepted jurisdiction of the appeal on Briscoe's first proposition of law, and stayed the case until it decided *State v. Lester*, Case No. 2008-1725. (Doc. No. 7-1, Exh. 13.) On December 17, 2009, the court affirmed the appellate court's judgment on the authority of *State v. Lester*, 123 Ohio St. 3d 396 (Ohio 2009). (Doc. No. 7-1, Exh. 14.)

C.     **Remand to Trial Court**

On April 26, 2010, Briscoe, acting *pro se*, filed in the trial court a "Motion to Dismiss Indictment for Failure to Charge an Offense Pursuant to Crime R. 12(C)(2). (Doc. No. 7-1, Exh. 15.) The State opposed the motion on May 6, 2010. (Doc. No. 7-1, Exh. 16.) The trial court denied the motion on June 7, 2010. (Doc. No. 7-1, Exh. 17.)

Meanwhile, on May 11, 2010, the trial court resentenced Briscoe. (Doc. No. 7-1, Exh. 45 at 290-91.) On May 14, 2010, it issued "revised" verdict and sentencing journal entries to reflect the appellate court's "decision to reverse defendant's conviction on Counts 3 and 4[,]" and vacated count three and four's aggravated-robbery convictions. (Doc. No. 7-1, Exh. 45 at 290-91.) On August 6, 2010, the trial court again "revised" the verdict and sentencing journal entries to correct a "clerical error" in the previous entries, in which the trial court stated that the appellate court had reversed Briscoe's convictions on both counts three and four and vacated both convictions. The new journal entries stated the appellate court's judgment and vacated only count four's aggravated-robbery conviction under § 2911.01(A)(3). (Doc. No. 7-1, Exh. 45 at 289-90.) Because the ten-year sentences for the two aggravated-robbery convictions were to be served concurrently with each other, Briscoe's total sentence of twenty-eight years in prison

remained the same. The trial court also noted that it had "previously advised" Briscoe of his appeal rights and appointed appellate counsel. (Doc. No. 7-1. Exh. 45 at 290.)

On September 28, 2010, Briscoe filed with the trial court a *pro se* motion for new appellate counsel on the ground that appointed counsel had not filed a notice of appeal since the court issued its August 6 journal entry. (Doc. No. 7-1, Exh. 30.) The court denied the motion. (Doc. No. 7-1, Exh. 31.)

Briscoe did not appeal the trial court's revised judgment. (*See* Doc. No. 7-1, Exh. 45 at 289.)

### D. Post-Conviction Proceedings

#### 1. Petition for Writ of Mandamus

Meanwhile, on July 14, 2010, Briscoe, acting *pro se*, filed a petition for writ of mandamus in the state appellate court. (Doc. No. 7-1, Exh. 19.) He sought an order compelling the judge who presided over his trial, Judge David Matia, and the warden of the prison where he was incarcerated, Keith Smith, to transport him to the Cuyahoga County Court of Common Pleas for a resentencing hearing consistent with the appellate court's judgment. (Doc. No. 7-1, Exh. 19.) Judge Matia moved for summary judgment dismissing the petition, and Warden Smith opposed the petition. (Doc. No. 7-1, Exhs. 20, 21.) The court granted Judge Matia's summary judgment motion and dismissed the case on September 1, 2010. (Doc. No. 7-1, Exh. 23.) Briscoe filed a motion for reconsideration, which was denied. (Doc. 7-1, Exhs. 23, 24.)

On October 18, 2010, Briscoe appealed the appellate court's judgment to the Ohio Supreme Court. (Doc. No. 7-1, Exh. 26.) He raised one proposition of law:

> Where [s]tructural [e]rror[s] are found that permeate the entire trial proceeding, Criminal Rule 43(A) and Revised Code 2953.12 are the only appropriate remedies at law.

(Doc. No. 7-1, Exh. 27.) Judge Matia moved to strike the appellate brief. (Doc. No. 7-1, Exh. 28.) The Ohio Supreme Court considered the appeal and affirmed the appellate court's judgment on February 23, 2011. (Doc. No. 7-1, Exh. 29.)

### 2. Motion for New Trial

On February 21, 2012, Briscoe filed a *pro se* motion for leave to file a motion for a new trial. (Doc. No. 7-1, Exh. 32.) The trial court denied the motion on April 30, 2012. (Doc. No. 7-1, Exh. 33.)

Briscoe, still acting *pro se*, appealed the trial court's judgment on May 30, 2012. (Doc. No. 7-1, Exh. 34.) In his appellate brief, he raised the following two assignments of error:

1. Appellant received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I[,] of the Ohio Constitution.

2. Appellant's constitutional right to due process [was] violated when prosecuting attorney with held [*sic*] exculpatory evidence which could have effected [*sic*] the outcome of trial.

Doc. No. 7-1, Exh. 35.) The State filed a brief in response. (Doc. No. 7-1, Exh. 36.) The state appellate court affirmed the trial court's judgment on October 25, 2012. (Doc. No. 7-1, Exh. 37.)

On July 29, 2015, Briscoe filed a motion for leave to file a delayed appeal in the court of appeals. (Doc. No. 7-1, Exh. 38.) He stated he "was precluded from being present on remand and did not receive guaranteed instructions regarding his right to appeal the trial court's vacating of conviction and the imposition of sentence and is induced by that lack of vigilance of procedural right to perceive that his conviction(s) and sentence(s) was [*sic*] final and non-

7

appealable." (Doc. No. 7-1, Exh. 38 at 249.) The appellate court denied the motion on August 4, 2015. (Doc. No. 7-1, Exh. 39.) Briscoe did not appeal that judgment to the Ohio Supreme Court. (*See* Doc. No. 7-1, Exh. 50.)

### 3. State Petition for Writ of Habeas Corpus

Briscoe next filed a *pro se* petition for writ of habeas corpus in the Supreme Court of Ohio on April 3, 2017. (Doc. No. 7-1, Exh. 40.) He alleged there was no "valid complaint" ever filed against him for the charges for which he was convicted because the "charging officer . . . failed to supply a properly attested to, signed and sworn 'Jurat'" and it lacked a "time-stamped certification," and the state courts therefore lacked jurisdiction over his case. (Doc. No. 7-1, Exh. 40.) On May 31, 2017, the Ohio Supreme Court *sua sponte* dismissed the case. (Doc. No. 7-1, Exh. 41.)

## FEDERAL HABEAS CORPUS

### A. First Federal Habeas Corpus Petition

Briscoe filed a *pro se* petition for writ of habeas corpus in this Court on December 30, 2011 (Case No. 1:11 CV 2815). (Doc. No. 7-1, Exh. 42.) He asserted the following grounds for relief:

1. Because the indictments filed against the petitioner were ruled by the Eighth District Court of Appeals to be structurally erred and failed to include all elements required to be proven beyond a reasonable doubt to obtain a valid finding of guilt as to counts 2, 3, & 4, the Petitioner was denied his liberty interest established by the Ohio Constitution to have a Grand Jury determine probable cause for each and every element of a charged offense in violation of petitioner's right to due [process] as guaranteed by the Fourteenth Amendment to the United States Constitution.

2. The trial court violated the Petitioner's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution when it

8

> falsified [j]ournal [e]ntries stating that Defendant was present in open court when it re-sentenced the petitioner outside of his presence, violating petitioner's liberty interests created by Criminal Rule 43(A).

(Doc. No. 7-1, Exh. 42 at 275-76.) On February 2, 2012, the Court dismissed the petition without prejudice pursuant to Rule 4 of the Rule Governing Section 2254 cases. (Doc. No. 7-1, Exh. 43.)

### B. Second Federal Habeas Corpus Petition

Briscoe, again acting *pro se,* filed the petition for writ of habeas corpus now before this Court on June 23, 2017. (Doc. No. 1.) He represents that he provided the petition to prison staff for mailing on June 20, 2017. (Doc. No. 1 at 15.) The petition asserts the following four grounds for relief:

1. I'm being held unlawfully in opposition to my 4th, 5th, 6th, 8th and 14th Amendment rights to the U. S. Constitution. All parties representing the State of Ohio concerning case #CR 487410 have knowingly conspired to unlawfully detain and convict me through the falsification of pseudo complaints and arrest warrants.

    <u>Supporting Facts</u>: Attached sua sponte journal entry and dismissal of Ohio Supreme Justice, Maureen O'Connor. Attached petition for the great writ of habeas corpus – Ohio Supreme Court case #2017-0454. Documents contain the blatant disregard of Due Process and reveal the milicious [*sic*] intentions of the charging officer (Maurice Clark) and the support of state officials, who allowed the officer to present a paper writing of no legal effect, and pass it off as a legal document to secure his unlawful process to seize my person. Badges of color were used above my prior comprehension, and before my first initial apperance [*sic*], to deprive me of my life and liberty. This illegal process continued throughout the want "of acquiring jurisdiction over the criminal subject-matter, and my physical person by the trial court."

2. <u>Supporting Facts</u>: It is imperative that this court know that this is not a 2nd, nor successive petition for the Writ of Habeas Corpus. Please see the contents of case no. 1:11-CV-02815-DCN. Petitioner ask that the court see Sanders vs. US 83. S. ct. 1068/111 Sct 1454 v. Zant.

> Petitioner's previous petition to the Northern Federal District, filed Dec. 2011 did not contain the sufficient grounds to support his conviction being in violation of the Constitution. Nor did it refer to subject matter jurisdiction and the pseudo complaint and arrest packet being presented here and now. (Emphasis added)

3. The full review and procedure concerning the mandated interpretation regarding the scheme to my subject-matter jurisdictional claim has been completely disregarded by the Ohio Supreme Court.

   <u>Supporting Facts</u>: The Ohio Supreme Court made no statutory interpretation "on the fundamental threshold principles of subject-matter jurisdictional law concerning my petition for the writ of Habeas Corpus filed April 3rd, 2017. The Ohio Supreme Court has gone against every other appellant [*sic*] court, Federal and State; when it dismissed my petition which claims trial court lacked Subject-matter jurisdiction" when no valid complaint exist or existed ab-initio.

4. <u>Supporting Facts</u>: Per newly discovered evidence (see attached pseudo complaint and arrest packet). The fact that no court had acquired jurisdiction over the criminal/subject-matter, nor my physical/person is overwhelming. The 28 U.S.C. 2254 that's being presented is regarding the fundamental and threshold principles of subject-matter jurisdictional law as interpreted by other federal courts of appeal[], state courts[,] and the U. S. Supreme Court. I, Harry Briscoe, stand[] alone as a pro se petitioner in not receiving relief and dismissal of my convictions because the state court that entered the judgment of conviction against me lacked subject-matter jurisdiction to do so. I am being held unlawfully and illegally, absent a sufficient formal accusatory instrument supported by Oath or Affirmation!!!

(Doc. No. 1 at 5, 7, 8, 10.)

On August 29, 2017, Respondent moved to dismiss the petition on summary judgment, arguing the claims were not cognizable on federal habeas corpus and it was time-barred. (Doc. No. 7.) Briscoe filed a traverse in response. (Doc. No. 8.)

ANALYSIS

Respondent argues that Briscoe's habeas corpus petition is time-barred by the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. No. 8 at 7-16.) The Court agrees.

A. **The AEDPA Statute of Limitations**

Under AEDPA, a state prisoner must file a habeas corpus petition within one year from the latest of four circumstances:

> (A) the date on which the [state-court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Respondent contends that Briscoe's limitations period was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . ." under § 2244(d)(1)(A), but he did not file a timely petition within the prescribed one-year period. (Doc. No. 7 at 22-24.) Briscoe's only argument in response is that a "[p]etition challenging the jurisdiction of the trial court ajudicating [*sic*] over a specific subject matter, and the person is a fundamental and threshold matter that is not limited by

statutory requirements or time limitations."  (Doc. No. 1 at 13.)  He cites no authority for this proposition, however, and it lacks merit.

The trial court issued its verdict and sentencing entries in Briscoe's case on May 18, 2007.  (Doc. No. 7-1, Exhs. 6, 7.)  The state appellate court reversed his convictions on count four, charging him with aggravated robbery under § 2911.01(A)(3) and several specifications, which the Ohio Supreme Court affirmed.  (Doc. No. 7-1, Exhs. 10, 14.)  The trial court resentenced Briscoe on May 11, 2007, and journalized its "revised" verdict and sentencing entries on May 14, 2010.  (Doc. No. 7-1, Exh. 45 at 290-91.)  On August 6, 2010, the trial court again issued "revised" verdict and sentencing judgments, this time to correct a "clerical error" in the May 11 entries, in which the court vacated both aggravated-robbery counts, three and four, instead of just count four.  (Doc. No. 7-1, Exh. 45 at 369-70.)

Under Ohio law, a defendant has thirty days from the date of the judgment entry within which to file his direct appeal.  Ohio R. App. P. 4(A); Ohio R. Crim. P. 32(C); *State v. Baker*, 119 Ohio St. 3d 197, 199 (Ohio 2008) ("Journalization of the judgment of conviction pursuant to Crim. R. 32(C) starts the 30-day appellate clock ticking.").  The Court will assume, as does Respondent, that Briscoe's time in which to file an appeal was triggered by the trial court's last journal entries of judgment and sentencing on August 6, 2010, which correctly followed the appellate court's judgment reversing only count four.  *See Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) ("'the entry of a new judgment normally resets the statute-of-limitations clock' under § 2254(d)(1)(A)" ) (quoting *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015)).  Briscoe did not file a direct appeal, so his conviction became final on Monday, September 6, 2010.  *See*

12

Ohio R. App. P. 14(A) (the day of the event from which the designated period of time begins to run is not included in computing time prescribed by rules).

Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations on Briscoe's federal habeas petition began to run the following day, September 7, 2010. *See* Fed. R. Civ. P. 6(a)(1) ("In computing any time period . . . exclude the day of the event that triggers the period."); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (applying Rule 6(a) standards to computation of time for § 2244(d) statute of limitations purposes). Absent any tolling events, the AEDPA statute of limitations would have expired one year later, on September 7, 2011 – more than five years before Briscoe filed the habeas petition now before this Court.

**B.     AEDPA Statutory Tolling**

AEDPA allows for statutory tolling, which, under proper circumstances, will extend the one-year statute of limitations. Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral relief is pending is not counted against AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(2). But the state-court petitions and applications must be both "pending" and "properly filed" in order to stay the limitations period. *Id*. The proceedings must be pending because the provision "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Winkfield v. Bagley*, 66 Fed. Appx. 578, 581 (6th Cir. 2003). In addition, untimely motions are not "properly filed" and will not stop the one-year clock. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). This is so even where there are exceptions to a state timely-filing requirement, such as Ohio Appellate Rule 26(B)'s "good cause" exception to its filing deadline

13

for reopening applications. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005). Thus, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

Briscoe's first collateral proceeding in state court was a motion for writ of mandamus seeking an order to compel the trial judge and warden to facilitate his presence at his resentencing. (Doc. No. 7-1, Exh. 19.) Respondent argues that this filing did not toll Briscoe's AEDPA limitations period because it did not "seek review of the judgment of conviction." (Doc. No. 7 at 23 (citing cases in which federal courts have refused to extend § 2244(d)(2)'s tolling provision to mandamus petitions seeking to have a state court take action on a matter)). However, even if the Court were to find that the mandamus proceedings tolled the AEDPA limitations period while they were pending, Briscoe's habeas petition still would be significantly time-barred. Briscoe's mandamus proceedings ended when the Ohio Supreme Court denied the petition on February 23, 2011. (Doc. No. 7-1, Exh. 29.) Briscoe next filed a motion for leave to file a motion for new trial in the state trial court on February 21, 2012 (Doc. No. 7-1, Exh. 32), but that filing did not toll the limitations period as it was untimely. *Artuz,* 531 U.S. at 8. The AEDPA limitations period, then, expired *at least* one year after Briscoe's state mandamus proceedings concluded, or on February 24, 2012. Briscoe did not file this petition until more than five years later.[2]

---

[2] Briscoe's first federal habeas petition also did not toll the AEDPA limitations period for this petition. The Supreme Court has held that an "application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (citing 28 U.S.C. § 2244(d)(2)).

The Court finds, therefore, that even if it assumes for the sake of argument that Briscoe's state mandamus proceedings tolled the AEDPA limitations period, he still missed AEDPA's deadline by several years.

### C. Equitable Tolling of the AEDPA Statute of Limitations

AEDPA's statute of limitations also is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). "[A]lthough 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649.

As Respondent points out, Briscoe has not satisfied his burden. Most significantly, he did not file this petition until more than five years after his AEDPA limitations period had expired, even allowing for tolling while his mandamus proceedings were pending. *See Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) ("[I]n order for equitable tolling to apply, the petitioner must diligently pursue habeas relief."). He also did not pursue his state-court remedies in a diligent, timely manner. He did not seek review of the new judgment on direct appeal at all, and his motion for a new trial was untimely.

Nor has Briscoe demonstrated that extraordinary circumstances prevented him from filing his petition on time. As Respondent argues, he cannot claim that his *pro se* status, lack of knowledge, incarceration, or limited access to the library or other assistance are extraordinary circumstances and warrant equitable tolling. *See, e.g, Johnson v. United States*, 544 U.S. 295, 311 (2005) (noting the Court has "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . ."); *Hall v. Warden, Lebanon Corr'l Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (same); *Harvey v. Jones*, 179 Fed. Appx. 294, 299-300 (6th Cir. 2006).

The Court finds, therefore, that Briscoe is not entitled to equitable tolling of the AEDPA statute of limitations.

**D.** **Actual Innocence Exception to AEDPA's Limitations Statute**

Finally, habeas petitioners may be entitled to an equitable exception to the AEDPA statute of limitations under the "actual innocence" or "miscarriage of justice" gateway to federal habeas review set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[T]enable actual-innocence gateway pleas are rare," however, as a petitioner "'must persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup*, 513 U.S. at 329). Actual innocence claims require a showing of "new reliable evidence" and factual innocence, not mere legal insufficiency. *See Schulp*, 513 U.S. at 324; *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Briscoe also has not offered any new evidence to show he is "actually innocent" of the crimes for which he was convicted. The actual innocence exception to AEDPA's limitations statute, therefore, also does not apply here.

Accordingly, this Court finds Briscoe's habeas corpus petition is time-barred under AEDPA's § 2244(d)(1)(A).[3]

### CONCLUSION AND RECOMMENDATION

Petitioner Harry Briscoe filed his petition for writ of habeas corpus more than five years after the AEDPA statute of limitations expired. He is not entitled to equitable tolling and has offered no evidence or argument that he is actually innocent. Accordingly, the Court recommends Briscoe's petition be DISMISSED.

Date:  October 30, 2017                     *s/ Jonathan Greenberg*
                                            Jonathan D. Greenberg
                                            United States Magistrate Judge

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

[3] For that reason, the Court need not reach the issue of whether Briscoe's claims asserted in the petition are cognizable on federal habeas review.