IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HARRY EUGENE BRISCOE, | ) | CASE NO. 1:17CV1329 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| LASHANN EPPINGER, Warden, | ) | |
| | ) | ORDER ADOPTING REPORT AND |
| Respondent. | ) | RECOMMENDATION |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg, which was issued on October 30, 2017 (ECF #9). For the following reasons, the Report and Recommendation, is hereby ADOPTED.

On June 23, 2017, Petitioner Harry Eugene Briscoe filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] challenging the constitutionality of his convictions and 28-year sentence for one count of murder with firearm specifications and two counts of aggravated burglary, entered by the Cuyahoga Court of Common Pleas. (ECF #1). Petitioner raises the following as grounds for relief:

1.    I'm being held unlawfully in opposition to my 4th, 5th, 6th, 8th and 14th Amendment rights to the U. S. Constitution. All parties representing the State of Ohio concerning case #CR 487410 have knowingly conspired to unlawfully detain and convict me through the falsification of pseudo complaints and arrest warrants.

     Supporting Facts: Attached sua sponte journal entry and dismissal of Ohio Supreme Justice, Maureen O'Connor. Attached petition for the great writ of habeas corpus – Ohio Supreme Court case #2017-0454. Documents contain

---

[1]    The Antiterrorism and Effective Death Penalty Act of 1992 (hereafter "AEDPA").

the blatant disregard of Due Process and reveal the milicious [*sic*] intentions of the charging officer (Maurice Clark) and the support of state officials, who allowed the officer to present a paper writing of no legal effect, and pass it off as a legal document to secure his unlawful process to seize my person. Badges of color were used above my prior comprehension, and before my first initial apperance [*sic*], to deprive me of my life and liberty. This illegal process continued throughout the want "of acquiring jurisdiction over the criminal subject-matter, and my physical person by the trial court."

2.   <u>Supporting Facts</u>: It is imperative that this court know that this is not a 2nd, nor successive petition for the Writ of Habeas Corpus. Please see the contents of case no. 1:11-CV-02815-DCN. Petitioner ask that the court see Sanders vs. US 83. S. ct. 1068/111 Sct 1454 v. Zant.

Petitioner's previous petition to the Northern Federal District, filed Dec. 2011 did not contain the sufficient grounds to support his conviction being in violation of the Constitution. Nor did it refer to subject matter jurisdiction and the pseudo complaint and arrest packet being presented here and now. (Emphasis added)

3.   The full review and procedure concerning the mandated interpretation regarding the scheme to my subject-matter jurisdictional claim has been completely disregarded by the Ohio Supreme Court.

<u>Supporting Facts</u>: The Ohio Supreme Court made no statutory interpretation "on the fundamental threshold principles of subject-matter jurisdictional law concerning my petition for the writ of Habeas Corpus filed April 3rd, 2017. The Ohio Supreme Court has gone against every other appellant [*sic*] court, Federal and State; when it dismissed my petition which claims trial court lacked Subject-matter jurisdiction" when no valid complaint exist or existed ab-initio.

4.   <u>Supporting Facts</u>: Per newly discovered evidence (see attached pseudo complaint and arrest packet). The fact that no court had acquired jurisdiction over the criminal/subject-matter, nor my physical/person is overwhelming. The 28 U.S.C. 2254 that's being presented is regarding the fundamental and threshold principles of subject-matter jurisdictional law as interpreted by other federal courts of appeal[], state courts[,] and the U. S. Supreme Court. I, Harry Briscoe, stand[] alone as a pro se petitioner in not receiving relief and dismissal of my convictions because the state court that entered the judgment of conviction against me lacked subject-matter jurisdiction to do

so. I am being held unlawfully and illegally, absent a sufficient formal accusatory instrument supported by Oath or Affirmation!!!

Respondent filed a Motion to Dismiss the petition on August 29, 2017, arguing that Petitioner's claims were not cognizable in a federal habeas corpus action, and that they are time-barred. (ECF #7). Petitioner filed a traverse in response. (ECF #8).

Magistrate Judge Greenberg found that Petitioner's writ is time-barred under Section 2244(d)(1)(A) of the AEDPA, and recommends that such petition be DISMISSED.[2] The Court adopts the Magistrate Judge's recommendations for the reasons set forth below.

I.      Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The distrct judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

---

[2]     Having deemed the claims to be time-barred, the issue of whether Petitioner's claims were cognizable on federal habeas review were not addressed in the report and recommendation.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, *de novo*. *See Dacas Nursing Support Sys., Inc., v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

II.     Legal Analysis

As Magistrate Judge Greenberg outlined, the AEDPA requires a state prisoner seeking a writ of habeas corpus to file his petition within one year after his state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Magistrate Judge Greenberg reviewed and outlined the procedural history in this matter, and found that Petitioner was required to file his habeas petition on or before September 7, 2011. However, Petitioner filed this habeas action on June 23, 2017, more than five years after the statute of limitations period. (See ECF #9, p. 13). Therefore, Petitioner's habeas corpus petition is time-barred under § 2244(d)(1)(A) of the AEDPA.

Magistrate Judge Greenberg noted that statutory tolling exists under the AEDPA, which under proper circumstances, extends the one-year statute of limitations. Under § 2244(d)(2), the time during which a properly filed application for post-conviction or other collateral relief is pending is not counted against the AEDPA's one-year filing limitation. However, Magistrate Judge Greenberg found that none of Petitioner's post-conviction filings served to extend the statute of limitations.

Magistrate Judge Greenberg also indicated that the statute of limitations under the AEDPA is subject to equitable tolling in appropriate circumstances. *See Holland v. Florida*, 560 U.S. 631 (2010). A petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling by showing that the failure to meet a legally-mandated deadline unavoidably

-4-

arose from circumstances beyond that litigant's control. *See Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010); *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Magistrate Judge Greenberg found that Petitioner did not meet this burden, and therefore, is not entitled to equitable tolling of the AEDPA statute of limitations. Furthermore, Magistrate Judge Greenberg found that the "actual innocence" exception to the AEDPA statute of limitations does not apply in this case, as Petitioner has not offered any new evidence to show he is innocent of the crimes for which he was convicted. (ECF #9, pp. 16-17).

For these reasons, Magistrate Judge Greenberg found that Petitioner's habeas corpus action is time-barred under § 2244(d)(1)(A) of the AEDPA. Petitioner's Objection to the Report and Recommendation does not raise any meritorious or valid legal arguments to excuse Petitioner from the timely filing requirements set forth in the AEDPA.

III.    Conclusion

This Court has reviewed the Report and Recommendation of this case *de novo, see Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), and has considered all of the pleadings, affidavits, motions, and filings of the parties. The Court finds Magistrate Judge Greenberg's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge in its entirety.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(C); Fed. R. App. P. 22(b).

Therefore, the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg, (ECF #9), is ADOPTED.

IT IS SO ORDERED.

_Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _December 18, 2017_